# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WP COMPANY LLC**<br>**d/b/a THE WASHINGTON POST**,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, et al.,**<br><br>　　　　　　Defendants. | Case No. 1:20-cv-1487-TNM |

## MOTION TO AMEND THE COURT'S SCHEDULING ORDER

Defendant the U.S. Department of State (the "State Department") yesterday released <u>just two (2) pages</u> of redacted public records, following its representation to the Court months ago that it had located <u>hundreds</u> of pages of records responsive to Plaintiff WP Company LLC d/b/a The Washington Post's (the "*Post*") Freedom of Information Act ("FOIA") requests.  In light of this development, the *Post* respectfully requests that the Court amend its scheduling order in this case to require another, meaningful production by the State Department on or before October 30, 2020.  In support of its Motion, the *Post* states as follows:

In this case, the *Post* made nineteen FOIA requests – eleven to the U.S. Secret Service and eight to the State Department – for information relating to costs associated with domestic or international trips taken by President Trump and members of his family.  On August 12, 2020, the Director of the State Department's Office of Information Programs and Services submitted a declaration "to justify the Department's proposed processing schedule – namely, its proposed first production date of October 15, 2020."  Decl. of Eric F. Stein ¶ 3, Dkt. 13-1.  According to Mr. Stein, the State Department had by then "collected *approximately 450 pages* of potentially responsive documents," and it "aspire[d] to process potentially responsive records at a rate of

300 pages for the [October 15] production." *Id.* ¶¶ 47, 49 (emphasis added).  The Court approved the State Department's proposed schedule and ordered it to "make an initial production of responsive records by October 15, 2020."  Order at 3, Aug. 18, 2020, Dkt. 15.

On October 15, the State Department made its production: <u>two pages</u> concerning a single payment for Lara Trump's May 2019 visit to the Trump International Hotel in Doonbeg, Ireland.  The first page is withheld in part under FOIA Exemption 6, and the second page is withheld in part under FOIA Exemption 7(E).  *See* Exhibit A at 1-2.

As the *Post* stated in its portion of the July 29, 2020 Joint Status Report, "[t]he public has a pressing interest in understanding how Defendants have spent hundreds of thousands of taxpayer dollars when President Trump and his companions have traveled to properties owned by the Trump Organization or other corporate entities under the control of the President or his family," and the *Post* accordingly has sought a schedule that would allow "[v]oters [to] be able to evaluate the information released and the government's rationale for keeping records secret in whole or in part when they cast their ballots."  Joint Status Report at 5-6, Dkt. 12.  A meaningful production of responsive records on or before October 15, 2020 would have greatly benefitted the public in this regard.  Instead, the State Department produced two pages – less than one percent of the 300 pages it "aspired" to process before the deadline and <u>less than one half of one percent</u> of the 450 pages of potentially responsive records the agency had collected months ago.

Under the current schedule, the State Department's next production deadline is not until November 16 – nearly two weeks after Election Day.  The Court should therefore amend that schedule and order the State Department to make its next production on or before October 30, 2020.  To ensure that the agency this time complies with the spirit of the order, and not just its letter, the Court should set a minimum number of pages for the State Department to produce by

the new deadline.  Given the significant amount of time that the State Department has already had to process the first 450 pages it collected, the *Post* submits that it would be reasonable to direct the State Department to produce no less than 300 pages of records by October 30, 2020.

To ensure compliance with this order, and to provide the State Department an opportunity to explain to the Court, the *Post*, and the public how it fell so far short of its initial goal, the *Post* further requests that the Court set a status conference during the week of October 19, 2020, and that the State Department's declarant, Mr. Stein, be ordered to attend along with agency counsel.

Pursuant to Local Rule 7(m), on October 16, 2020, the *Post*'s counsel conferred with Defendants' counsel regarding this motion.  Defendants oppose this motion.

Dated:  October 16, 2020         Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Kristel Tupja (#888324914)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
tupjak@ballardspahr.com

*Counsel for Plaintiff WP Company LLC
d/b/a The Washington Post*