UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>    *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY, *et al.*,<br><br>    *Defendants*. | Civil Action No. 20-1487 (TNM) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

**TABLE OF CONTENTS**

BACKGROUND………………………………………………………………………………….1

LEGAL STANDARDS…………………………………………………………………………...2

    I.       Motions To Amend And Supplement Pleadings…………………………………...2

ARGUMENT……………………………………………………………………………………...3

    I.       Leave To Amend Would Prejudice Defendants……………………………………3

    II.      Leave To Amend Would Be Inefficient…………………………………………….5

CONCLUSION……………………………………………………………………………………7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atchinson v. Dist. of Columbia*,
  73 F.3d 418 (D.C. Cir. 1996) ................................................................................................... 4
*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................................. 4
*Hall v. Cent. Intelligence Agency*,
  437 F.3d 94 (D.C. Cir. 2006) ................................................................................................ 4, 5
*James Madison Proj. v. Dep't of Justice*,
  208 F. Supp. 3d 265 (D.D.C. 2016) ......................................................................................... 6
*Lover v. District of Columbia*,
  248 F.R.D. 319 (D.D.C. 2008) ................................................................................................. 5
*Parish v. Frazier*,
  195 F.3d 761 (5th Cir. 1999) ................................................................................................ 5, 6
*Sai v. Transp. Sec. Admin.*,
  155 F. Supp. 3d 1 (D.D.C. 2016) .......................................................................................... 7, 8
*Trump v. Comm. on Ways and Means, U.S. House of Rep.*,
  391 F. Supp. 3d 93 (D.D.C. 2019) ........................................................................................... 9
*Wildearth Guardians v. Kempthorne*,
  592 F. Supp. 2d 18 (D.D.C. 2008) ........................................................................................... 4
*Xingru Lin v. Dist. of Columbia*,
  319 F.R.D. 1 (D.D.C. 2016) ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................................ 4
Fed. R. Civ. P. 42(a) ....................................................................................................................... 7
Fed. R. Civ. P. 42(b) ....................................................................................................................... 8

Defendants, the U.S. Department of Homeland Security ("DHS") and the U.S. Department of State ("State Department"), respectfully submit this memorandum in opposition to Plaintiff's motion for leave to amend its complaint to add 15 new Freedom of Information Act ("FOIA") requests to this lawsuit, which would balloon this case to include a total of 34 requests involving two distinct federal agencies. As discussed below, permitting such an amendment would prejudice Defendants and is unlikely to lead to an efficient outcome in this litigation. Therefore, the Court should deny Plaintiff's motion.

## BACKGROUND

Plaintiff brings this action against DHS and the State Department challenging each agency's alleged failure to adequately respond to 19 separate FOIA requests submitted by Plaintiff between September 2018 and March 2020—11 to the U.S. Secret Service, and 8 to the State Department. Those requests generally relate to costs incurred by the government in connection with specific domestic or international trips taken by former President Donald Trump and members of his family. *See generally* Compl. (ECF No. 1).

Since the filing of Plaintiff's complaint, DHS has competed its final production of responsive records to each of the 11 requests to the Secret Service currently at issue in this case. The State Department, on the other hand, has experienced significant disruptions to its FOIA operations due to the ongoing COVID-19 pandemic, *see* Stein Decl. (ECF No. 13-1) ¶¶ 35-46, and began its rolling productions on October 15, 2020. The State Department made its third and most recent production of responsive, non-exempt records on December 14, 2020, and is continuing to process material responsive to Plaintiff's request on a rolling basis. *See* ECF No. 30 (Dec. 21, 2020, Joint Status Report).

On January 22, 2021, Plaintiff moved for leave to amend its complaint because the timeframe for doing so by right had expired.  *See* Fed. R. Civ. P. 15(a)(1)(A).

## LEGAL STANDARDS

### I.   Motions To Amend And Supplement Pleadings.

Courts typically resolve motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) via the same standard.  *See Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).  The key difference between the two Rules is that amendments "relate to matters that occurred prior to the filing" of the pleading to be amended, whereas supplements "set[] forth transactions or occurrences or events which have happened since" that pleading.  *Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006)

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend a pleading shall be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a).  But leave may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 15(d) provides that a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Although the decision to grant a motion for leave to file a supplemental pleading is "within the discretion of the district court," *Xingru Lin v. District of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016) (quoting *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008)), such motions should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will

not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action," *Hall*, 437 F.3d at 101 (quoting 6A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 1504 (2d ed. 1990)). "Allowing a plaintiff to amend his complaint may unduly prejudice a defendant if amendment would delay the litigation or 'expand[] the allegations beyond the scope of the initial complaint.'" *Lover v. District of Columbia*, 248 F.R.D. 319, 322 (D.D.C. 2008) (citing *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999)).

## ARGUMENT

Plaintiff seeks to add 15 additional FOIA requests to this lawsuit, some of which were submitted to the government before this action was filed, and some after.  But this litigation is already at an advanced stage, with DHS having completed its final responses to Plaintiff's FOIA requests, and the State Department well-underway in making rolling productions for the requests that are already a part of this matter.  As explained below, permitting Plaintiff to expand this litigation to include 34 separate FOIA requests would be inefficient and unfairly prejudice Defendants.  Adding requests at this stage is the functional equivalent of expanding the scope of the requests currently in litigation on the basis of information derived from previous document productions.  Indeed, Plaintiff should not be permitted to use Rule 15's generous amendment rules to substantially broaden this litigation because doing so would set a precedent by allowing litigious and well-resourced plaintiffs to "jump the line" and have their requests continuously processed before other requesters.  Accordingly, the Court should deny Plaintiff's motion.

### I. Leave To Amend Would Prejudice Defendants.

While Defendants acknowledge that courts are to generally "freely" permit amendment, the circumstances of this lawsuit counsel against it.  Both agencies are at different junctures in this

3

lawsuit, and Plaintiff's proposed amendment would effectively reset the substantial progress that has already been made in moving this litigation toward a final resolution.

As noted in the parties' most recent status report, DHS has completed its responses to the at-issue FOIA requests in this action, and the parties are now conferring about any disputed issues requiring summary judgment briefing. *See* ECF No. 30. For its part, the State Department is still in the midst of rolling productions after the parties previously litigated Plaintiff's request for an "immediate" production schedule. In denying that request, the Court noted that requiring the State Department to prioritize its limited resources for this case would "necessarily create a backlog of requests in other cases that may be older and just as sensitive." *See* Aug. 18, 2020, Order (ECF No. 15) at 2 (citing Stein Decl. ¶ 43). The Court also acknowledged the unique challenges faced by the State Department due to the pandemic and the agency's continued rise in FOIA litigation. *Id.* As Plaintiff points out, *see* Mot. at 5, requiring a separate lawsuit will not change that fact. But Plaintiff's attempt to enlarge this litigation and jump further ahead in the State Department's heavily-burdened processing queue for litigation cases puts undue pressure on the State Department to resolve this matter ahead of other, later-filed ones.

Indeed, amendment would significantly prejudice Defendants. Courts have acknowledged that the "considerable time and effort briefing summary judgment on the issues presented in" a FOIA case weighs against granting leave to amend after that briefing has begun. *James Madison Proj. v. Dep't of Justice*, 208 F. Supp. 3d 265, 280 (D.D.C. 2016). Although Plaintiff is correct that summary judgment briefing has not yet begun, *see* Mot. at 5, shoehorning new requests into this litigation after Defendants have either completed or begun their productions broadens the scope of this litigation to include additional searches and withholdings. Not only does this result is a lawsuit that is substantially more complex than before, but it also moves the goalposts further

away. *See Sai v. Transp. Sec. Admin.*, 155 F. Supp. 3d 1, 7-8 (D.D.C. 2016) (denying leave to add 14 FOIA requests, prior to setting a briefing schedule, where the government had "completed or nearly completed the processing and production" of 5 requests because it "would merely result in undue delay . . . and would not enhance judicial efficiency"). Indeed, if such a practice were permitted generally, FOIA litigations could become nearly endless. And here, permitting the requested amendment here would result in a case that clocks in at 34 separate requests—standing apart from the vast majority of the other FOIA cases pending before this Court. Accordingly, Plaintiff's motion should be denied.

## II.     Leave To Amend Would Be Inefficient.

In addition to prejudicing Defendants, granting leave to amend would also likely prove inefficient. As noted, the claims that are already a part of this lawsuit are progressing at different rates. A FOIA lawsuit is appropriately resolved by dispositive motion following the processing of all responsive, non-exempt documents subject to FOIA that can be located based on a reasonable search. Of course, such a lawsuit can only proceed to final judgment as quickly as the slowest of its component parts. Given the number of claims at issue and the different processing times, it would be unfair and impractical for Defendants to address all claims in a single, dispositive motion. Staggered motions for summary judgment would also pose an administrative burden as they likely would be filed at different times depending on when processing has been completed. And under Rule 54(b), no decision in favor of any agency would be final until all claims in the case are resolved.

As Plaintiff suggests, the only alternative would be for the Court to separate the claims for all purposes under Rule 42. *See* Mot. at 5 (citing Fed. R. Civ. P. 42(a)). Rule 42 provides that "issues" or "claims" in a single case may be separated "[f]or convenience, to avoid prejudice, or

5

to expedite and economize." Fed. R. Civ. P. 42(b).  However, Defendants submit that such an approach would merely lead to inefficient, piecemeal litigation.  To the extent that Plaintiff is successful with respect to any of its FOIA claims as to one or both of the parties, and seeks to recover attorney's fees, it will be very difficult to segregate the fees between the unsuccessful and successful claims, or among the agencies against whom plaintiff prevails.  This posture could prove particularly prejudicial to the agencies against whom fees are sought, as they could end up paying fees for time spent on claims on which plaintiff was not successful.

Further, Plaintiff exaggerates the efficiencies to be gained here.  Plaintiff avers that the Court's denial of its motion would merely necessitate the filing of a separate lawsuit that would be designated as related.  *See* Mot. at 5.  Therefore, as a practical matter, the only difference would be the payment of a filing fee.[1]  But, aside from any benefit to *itself*, Plaintiff has otherwise failed to explain how the addition of 15 new FOIA requests otherwise overlaps with the current requests to such an extent that would promote judicial efficiency.  *See Sai*, 155 F. Supp. 3d at 7.  Plaintiff argues that its requests all involve the same "subject matter," *see* Mot. at 4, but a closer look reveals that they range significantly in terms of the specific dates and locations of the Presidential trips (which vary widely) and—more importantly—in terms of the specificity or generality of the documents requested from both DHS and the State Department.  *Compare* Compl. ¶ 30 (seeking specific "Foreign Protective Travel Cost Tracking Worksheets" from DHS pertaining to numerous trips); ¶ 42 (seeking specific Disbursing Voucher Information Details forms from the State

---

[1] While Plaintiff does not point to fees savings here, a potential "desire to avoid filing fees is no justification for maintaining a single case as an ongoing forum for raising a perpetual series of FOIA and Privacy Act disputes with an agency." *Sai*, 155 F. Supp. 3d at 8.  Defendants note that permitting 34 FOIA requests to become a part of a single litigation represents a potentially significant cost savings while failing to offset the substantial burden on the Court.  This may be especially relevant for frequent FOIA litigants, such as the Washington Post.

Department's Regional Financial Management System) *with* Proposed Am. Compl. ¶ 37 (generally seeking "any and all records" from DHS concerning funds spent on other numerous trips); ¶ 59 (generally seeking "any documents" showing payments from the Office of Presidential Travel Support from January 1, 201, to present).[2] Thus, notwithstanding any general *theme* to the FOIA requests, each new request likely requires each agency to conduct a discrete search of individual agency custodians over specific timeframes (some of which span several years). Accordingly, enlarging this case to include the 15 additional FOIA requests is unlikely to lead to an efficient outcome in this litigation. To the contrary, it is likely to complicate and extend it considerably.

\* \* \*

---

[2] Notably, none of Plaintiff's FOIA requests to the State Department currently at issue in this litigation specifically seek any records from the Office of Presidential Travel Support, M Office, or Protocol Front Office. Depending on the permutation of Plaintiff's subsequent lawsuit(s), these differences, among others, may complicate Plaintiff's "heavy burden" of showing that its cases are related under Local Civil Rule 40.5. *See Trump v. Comm. on Ways & Means, U.S. House of Rep.*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019).

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's motion for leave to amend its complaint, and require Plaintiff to submit a separate lawsuit.

Dated February 5, 2021         Respectfully submitted,

                                        MICHAEL R. SHERWIN
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Acting Chief, Civil Division

                                      */s/ Diana V. Valdivia*
                                      Diana V. Valdivia, D.C. Bar # 1006628
                                      Assistant United States Attorney
                                      Judiciary Center Building
                                      555 4th Street, N.W. – Civil Division
                                      Washington, D.C. 20530
                                      (202) 252-2545
                                      diana.valdivia@usdoj.gov

                                      *Counsel for Defendants*