## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WP COMPANY LLC**, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-01487 (TNM) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, | |
| Defendants. | |

## <u>ORDER</u>

Plaintiff seeks under the Freedom of Information Act ("FOIA") records about payments that Defendants made to provide services to then-President Trump and others "during trips to certain properties owned by the Trump Organization or other corporate entities under the control of the President or his family." Compl. ¶ 1, ECF No. 1. At issue are nineteen FOIA requests, eleven to Defendant Department of Homeland Security ("DHS") and eight to Defendant Department of State ("DOS"). *Id.* ¶¶ 19, 34. Plaintiff now moves for leave to amend its complaint to add new claims arising out of fifteen more FOIA requests submitted to these same agencies. *See* Pl.'s Mot. for Leave to Amend Compl. ("Pl.'s Mot."), ECF No. 22. These new requests similarly seek "records relating to costs incurred in connection with domestic or international trips taken by former President Trump and members of his family." *Id.* at 1.[1] Defendants oppose the motion. *See* Defs.' Mem. Opp'n to Pl.'s Mot. for Leave to Amend Compl. ("Defs.' Mem."), ECF No. 24. The Court will grant Plaintiff's motion.

---

[1] All citations are to the page numbers generated by this Court's CM/ECF system.

Plaintiff seeks to add FOIA requests submitted both before and after it filed the initial complaint. *See, e.g.*, Pl.'s Mot. Ex. B ¶¶ 35, 42, ECF No. 22-36. So its motion is construed as a one to amend and supplement. *See Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) (construing motion to add new FOIA request to complaint as a request to supplement because "it sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" (cleaned up)); *see also* Fed. R. Civ. P. 15(d).

"Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard." *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). Motions to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (cleaned up). Similarly, "[d]elay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings." *Hall*, 437 F.3d at 101. "The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district." *Wildearth Guardians*, 592 F. Supp. 2d at 23.

Defendants do not suggest any undue delay, bad faith, or dilatory motive by Plaintiff. They instead argue that allowing leave here would be prejudicial and inefficient. *See* Defs.' Mem. at 6–10. The Court disagrees.

*First*, Defendants contend that "Plaintiff's proposed amendment would effectively reset the substantial progress that has already been made in moving this litigation toward a final resolution." *Id.* at 7. This litigation is not at such an "advanced stage," as Defendants suggest. *Id.* at 6. True, DHS has completed its productions. Joint Status Report at 2, ECF No. 23. DOS,

however, has made only four productions thus far.  *Id.* at 3.  And no summary judgment briefing

schedule has been set.  *See James Madison Project v. DOJ*, 208 F. Supp. 3d 265, 280 (D.D.C.

2016) (denying leave to supplement because defendants "already spent considerable time and

effort briefing summary judgment on the issues presented in this case").  "[I]n FOIA cases, leave

to amend has been granted so that further requests for documents could be added."  *Miss. Ass'n*

*of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991).  Defendants are

understandably concerned that the new FOIA requests will place more burden on their

processing efforts.  Defs.' Mem. at 7.  But Defendants still have to respond to these new requests

even if they arise in separate litigation.  The Court can also consider the total number of FOIA

requests and their timing when assessing Defendants' ability to expeditiously process and

produce responsive records here.

> *Second*, Defendants argue that "granting leave to amend would also likely prove

inefficient."  *Id.* at 8.  They note that the new requests range in temporal scope and specificity.

*Id.* at 9.  Perhaps.  But the new requests still involve the same subject matter as those already at

issue.  *See Powell v. IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) (granting plaintiff leave to

supplement complaint with FOIA claim in part because there was "no prejudice to Defendants as

the newest claim is closely related to the claim[] already before the Court in that it appears to

seek similar records" (cleaned up)).  So "dealing with the controversy as one is far preferable to

requiring [Plaintiff] to open yet another case."  *Id.*; *see also The Fund for Animals v. Hall*, 246

F.R.D. 53, 55 (D.D.C. 2007) ("The interests of judicial economy and convenience would be

served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal

issues to those already before the court, thereby averting a separate, redundant lawsuit.").  The

Court can address any challenge to agency withholdings or redactions in a single summary

judgment motion.  That the briefing may be delayed does not make it less efficient than allowing different judges to resolve separate summary judgment motions on related (or identical) issues.

For these reasons, it is hereby

**ORDERED** that Plaintiff's [22] Motion for Leave to File Amended Complaint is GRANTED; and it is also

**ORDERED** that the Clerk of Court docket ECF Nos. 22-1 through ECF Nos. 22-35 as Plaintiff's Amended Complaint; and it is also

**ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint within 30 days.

**SO ORDERED**.


Dated:  February 22, 2021                                    TREVOR N. McFADDEN, U.S.D.J.