UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>   Defendants. | Civil Action No. 20-1487 (TNM) |

**ANSWER**

  Defendants, the United States Department of Homeland Security (Defendant "DHS") and the United States Department of State ("Defendant State" and with DHS, "Defendants"), by and through undersigned counsel, hereby respond to the Amended Complaint for Declaratory and Injunctive Relief (ECF No. 27) of Plaintiff WP Company LLC d/b/a The Washington Post ("Plaintiff") as follows.

**RESPONSES**

  Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to

this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond as follows:

### INTRODUCTION

1. The first sentence of Paragraph 1 contains Plaintiff's characterization of this action, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny. With respect to the second sentence of Paragraph 1, Defendants admit receiving requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") from Plaintiff as reflected below, and refer the Court to each individual FOIA request for the best evidence of its contents.

2. The allegations in Paragraph 2 contain Plaintiff's characterization of alleged background information or conclusions of law, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is deemed necessary, Defendants deny.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent Paragraph 3 contains allegations of fact, Defendant DHS denies them except Defendant DHS admits that not all of the eleven FOIA requests were responded to within the two years prior to the filing of the initial complaint. Defendant DHS avers that it had taken steps to respond to all of the FOIA requests raised in the complaint prior to the filing of the complaint.

4. DHS admits that it has provided final responses to all of the FOIA requests in Paragraph 3.

5. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant DHS denies.

6. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

7. State admits that it produced 189 pages of records responsive to the FOIA requests referenced in Paragraph 6 between the date when Plaintiff filed its original Complaint and the date when Plaintiff filed its Amended Complaint.

8. This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant DHS admits that DHS is an agency of the United States government headquartered in Washington, D.C., and that it has agency records subject to the FOIA. The remainder of the allegations in Paragraph 10 consists of legal conclusions, to which no response is required.

11. Defendant State admits that it is a federal agency within the meaning of the FOIA statute and is headquartered in Washington, D.C. The remainder of this paragraph contains conclusions of law, not allegations of fact, to which no response is required.

## JURISDICTION AND VENUE

12. Paragraph 12 contains Plaintiff's assertions of jurisdiction, which constitute legal conclusions and to which no response is required. To the extent a response may be deemed required, Defendant admits this Court has jurisdiction over proper actions brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

13. Paragraph 13 contains Plaintiff's assertions of venue, which constitute legal conclusions and to which no response is required. To the extent a response may be deemed required, Defendant admits venue is proper in the District of Columbia for a proper FOIA action.

## FACTUAL ALLEGATIONS

**The *Post's* Reporting**

14. The allegations in Paragraph 14 contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

15. The allegations in Paragraph 15 contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

16. The allegations in Paragraph 16 contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

17. The allegations in Paragraph 17 contain Plaintiff's characterization of alleged background information and information in unidentified government records, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

18. The allegations in Paragraph 18 contain Plaintiff's characterization of alleged background information and information contained in unidentified government records, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

19. The allegations in Paragraph 19 contain Plaintiff's characterization of alleged background information and information in unidentified government records, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

20. The allegations in Paragraph 20 contain Plaintiff's characterization of alleged background information and information in unidentified government records, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

21. The allegations in Paragraph 21 contain Plaintiff's characterization of the motivations of non-parties to pursue litigation unrelated to the instant complaint, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is deemed necessary, Defendants deny.

22. The allegations in Paragraph 22 contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

**II.   The *Post's* FOIA Requests to DHS**

23. Defendant DHS admits that Plaintiff submitted at least 23 FOIA requests to Defendant DHS between September 11, 2018, and November 13, 2020. Defendant DHS respectfully refers the Court to the FOIA requests for complete and accurate statements of their contents. Defendant DHS specifically denies that each of these requests was limited to specific trips or properties.

24. Defendant DHS admits that Plaintiff submitted a FOIA request to DHS on or about September 11, 2018, requesting records detailing money spent by the Secret Service related to

travel by Eric Trump to Scotland from January 17, 2017, to June 30, 2018. Defendant DHS admits that it assigned the request tracking number FOIA # 20181416. Defendant DHS denies that Exhibit A is a true and correct copy of Defendant DHS's acknowledgment letter. Defendant DHS avers that a true and correct copy of Defendant DHS's acknowledgment letter dated November 29, 2018, was attached as Exhibit A to Defendants' answer to Plaintiff's original complaint. *See* ECF No. 11-1.

25. Defendant DHS admits that Plaintiff submitted a FOIA request to Defendant DHS on or about September 11, 2018, requesting expenditures related to a trip by Eric Trump to Scotland in July 2018. Defendant DHS admits that it assigned the request tracking number FOIA # 20181415. Defendant DHS denies that Exhibit B is a true and correct copy of Defendant DHS's acknowledgment letter. Defendant DHS avers that a true and correct copy of Defendant DHS's acknowledgment letter dated November 29, 2018, was attached as Exhibit B to Defendants' answer to Plaintiff's original complaint. *See* ECF No. 11-2.

26. Defendant DHS admits that Plaintiff submitted a FOIA request to Defendant DHS on or about September 11, 2018, requesting expenditures related to a trip by Eric Trump to Ireland in July 2018. Defendant DHS admits that it assigned the request tracking number FOIA # 20181414. Defendant DHS denies that Exhibit C is a true and correct copy of Defendant DHS's acknowledgment letter. Defendant DHS avers that a true and correct copy of Defendant DHS's acknowledgment letter dated November 29, 2018, was attached as Exhibit C to Defendants' answer to Plaintiff's original complaint. *See* ECF No. 11-3.

27. Defendant DHS admits that Plaintiff submitted a FOIA request on February 4, 2020, requesting documents related to expenditures for a trip made by President Trump to Doral, Florida in June 2019 and that Defendant DHS assigned the request tracking number FOIA #

6

20200453.  Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

28. Defendant DHS admits that Plaintiff submitted a FOIA request on February 4, 2020, requesting documents related to expenditures for a trip made by President Trump to Doral, Florida in January 2020 and Defendant DHS assigned the request tracking number FOIA # 20200457.  Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

29. Defendant DHS admits that Plaintiff submitted a FOIA request on February 5, 2020, seeking receipts, invoices, and other documents reflecting payments to Trump International Hotel in Las Vegas and Defendant DHS assigned the request tracking number FOIA #20200465.  Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

30. Defendant DHS admits that Plaintiff submitted a FOIA request on February 5, 2020, seeking receipts, invoices, and other documents reflecting payments to Trump International Hotel in Washington, DC and Defendant DHS assigned the request tracking number FOIA # 20200468.  Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

31. Defendant DHS admits that Plaintiff submitted a FOIA request on February 20, 2020, seeking "Approved Travel Expense Information" forms produced since January 2017 with certain words or phrases and that Defendant DHS assigned the request tracking number FOIA # 20200527.  Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

32. Defendant DHS admits that Plaintiff submitted a FOIA request on February 20, 2020, seeking invoices, receipts and documents since January 2017 containing certain words and phrases and that Defendant DHS assigned the request tacking number FOIA # 20200528. Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

33. Defendant DHS admits that Plaintiff submitted a FOIA request on February 25, 2020, and that Defendant DHS assigned the request tracking number FOIA # 20200545. Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

34. Defendant DHS admits that Plaintiff submitted a FOIA request on March 6, 2020, and that Defendant DHS assigned the request tracking number FOIA # 20200585. Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

35. Defendant DHS admits that Plaintiff submitted a FOIA request on May 18, 2020, seeking documents of payments to the Mar-a-Lago Club on 17 occasions in 2017 and that DHS assigned the request tracking number FOIA #20200691. Defendant DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

36. Defendant DHS admits that Plaintiff submitted a FOIA request on May 18, 2020, seeking documents of payments to Trump National Golf Club Bedminster in May 2017 and that DHS assigned the request tracking number FOIA #20200692. DHS denies that Exhibit M contains a true and correct copy of DHS's acknowledgment letter and avers that DHS sent an acknowledgment letter on May 19, 2020, and that Exhibit M contains a true and correct copy of

DHS's search completed letter. DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

37. Defendant DHS admits that Plaintiff submitted a FOIA request on May 19, 2020, requesting documents reflecting expenditures related to a trip by President Trump to the Trump International Hotel in Washington, DC on 22 dates from 2017 to 2020 and that DHS assigned the request tracking number FOIA #20200695. DHS denies that Exhibit N contains a true and correct copy of DHS's acknowledgment letter and avers that DHS sent an acknowledgment letter on May 20, 2020, and that Exhibit N contains a true and correct copy of DHS's search completed letter. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

38. Defendant DHS admits that Plaintiff submitted a FOIA request on May 19, 2020, requesting documents reflecting expenditures related to President Trump's visits to Las Vegas in 2018, 2019, and 2020 and that DHS assigned the request tracking number FOIA #20200696. DHS denies that Exhibit O contains a true and correct copy of DHS's acknowledgment letter and avers that DHS sent an acknowledgment letter on May 20, 2020, and that Exhibit O contains a true and correct copy of DHS's search completed letter. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

39. Defendant DHS admits that Plaintiff submitted a FOIA request on May 19, 2020, requesting documents reflecting expenditures related to a trip by President Trump to Rancho Palos Verdes, California in April 2019 and that DHS assigned the request tracking number FOIA #20200697. DHS denies that Exhibit P contains a true and correct copy of DHS's acknowledgment letter and avers that DHS sent an acknowledgment letter on May 20, 2020, and that Exhibit P

contains a true and correct copy of DHS's search completed letter. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

40.     Defendant DHS admits that Plaintiff submitted a FOIA request on May 19, 2020, requesting document reflecting expenditures related to President Trump's visits to Trump National Golf Club in Sterling, Virginia on 33 dates in 2019 and that DHS assigned the request tracking number FOIA #20200698. DHS admits that the acknowledgment letter dated May 20, 2020, is contained in Exhibit Q. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

41.     Defendant DHS admits that Plaintiff submitted a FOIA request on June 22, 2020, requesting documents reflecting expenditures related to President Trump's trip to Bedminster, New Jersey in June 2020and that DHS assigned the request tracking number FOIA # 20200793. DHS denies that the acknowledgement letter and search completed letter are both dated July 24, 2020. DHS avers that Exhibit R reflects an acknowledgment letter dated June 22, 2020, and a search completed letter dated July 24, 2020. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

42.     Defendant DHS admits that Plaintiff submitted a FOIA request on June 22, 2020, requesting document reflecting expenditures related to President Trump's visits to Trump National Golf Club in Sterling, Virginia in May and June of 2020 and that DHS assigned the request tracking number FOIA #20200794. DHS denies that Exhibit S contains a true and correct copy of DHS's acknowledgment letter and avers that DHS sent an acknowledgment letter on June 22, 2020, and that Exhibit S contains a true and correct copy of DHS's search completed letter. DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

43. Defendant DHS admits that Plaintiff submitted a FOIA request on November 9, 2020, requesting documents regarding expenditures related to trips by President Trump to Doral, Florida in September, October, and November 2020 and that DHS assigned the request tracking number FOIA #20210076. Defendant DHS admits that the acknowledgment letter dated November 13, 2020, is contained within Exhibit T. DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

44. Defendant DHS admits that Plaintiff submitted a FOIA request on November 9, 2020, requesting documents regarding expenditures related to trips by President Trump to Las Vegas, Nevada in September and October 2020 and that DHS assigned the request tracking number FOIA #20210077. Defendant DHS admits that the acknowledgment letter dated November 13, 2020, is contained within Exhibit U. DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents

45. Defendant DHS admits that Plaintiff submitted a FOIA request on November 9, 2020, requesting documents regarding expenditures related to trips by President Trump to the Trump International Hotel in July, August, and September 2020 and that DHS assigned the request tracking number FOIA #20210078. Defendant DHS admits that the acknowledgement letter dated November 13, 2020, is contained within Exhibit V. DHS respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

46. Defendant DHS admits that Plaintiff submitted a FOIA request on November 9, 2020, requesting documents regarding expenditures related to trips by President Trump to Bedminster, New Jersey in Doral, Florida in June, July, August and October 2020 and that DHS assigned the request tracking number FOIA #20210079. Defendant DHS admits that the acknowledgment letter dated November 13, 2020, is contained within Exhibit W. DHS

respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

47. Defendant DHS admits it has produced all records responsive to all of the eleven FOIA requests reference in Paragraphs 23-34. Defendant DHS denies that it has not produced a single record responsive to any of the 12 FOIA requests identified in Paragraphs 35-46.

48. Defendant DHS denies the allegations in this paragraph and avers that as of the date of the answer it has made a final response of all responsive records requested having applied exemptions only where DHS determined that reasonably foreseeable harm would flow from release.

49. Defendant DHS denies the allegations in this paragraph and avers that as of the date of the answer it has made a final response of all responsive records requested having only applied exemptions where DHS determined that reasonably foreseeable harm would flow from release.

50. Defendant State admits that Plaintiff submitted the eleven FOIA requests attached to the Complaint as Exhibits X-HH. The remainder of this paragraph contains Plaintiff's characterization of its requests, to which no response is required. Defendant State respectfully refers the Court to those requests for a full and accurate statement of their contents.

51. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit X and respectfully refers the Court to that request for a full and accurate statement of its contents.

52. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit Y and respectfully refers the Court to that request for a full and accurate statement of its contents.

53. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit Z and respectfully refers the Court to that request for a full and accurate statement of its contents.

54. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit AA and respectfully refers the Court to that request for a full and accurate statement of its contents.

55. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit BB and respectfully refers the Court to that request for a full and accurate statement of its contents.

56. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit CC and respectfully refers the Court to that request for a full and accurate statement of its contents.

57. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit DD and respectfully refers the Court to that request for a full and accurate statement of its contents.

58. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit EE and respectfully refers the Court to that request for a full and accurate statement of its contents.

59. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit FF and respectfully refers the Court to that request for a full and accurate statement of its contents.

60. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit GG and respectfully refers the Court to that request for a full and accurate statement of its contents.

61. Defendant State admits that Plaintiff submitted the FOIA request attached as Exhibit HH and respectfully refers the Court to that request for a full and accurate statement of its contents.

62. Defendant State admits only with respect to the FOIA requests identified in the Amended Complaint as of the date of filing of the Amended Complaint.

63. Defendant State admits only with respect to the FOIA requests identified in the Amended Complaint as of the date of filing of the Amended Complaint.

64. Defendant State admits only with respect to the FOIA requests identified in the Amended Complaint as of the date of filing of the Amended Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**Declaratory and Injunctive Relief: Violation of FOIA, 5 U.S.C. § 552**
**(DHS)**
**(Violation of FOIA, 5 U.S.C. § 552)**

65. Defendants restate their responses to the allegations in Paragraphs 1 through 64 above as set forth fully herein.

66. The allegations in Paragraph 66 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant DHS denies.

67. Defendant DHS admits the allegations in paragraph 67.

68. The allegations in Paragraph 68 consist of legal conclusions, to which no response is required.

69. Defendant DHS admits the allegations in paragraph 69.

70. The allegations in Paragraph 70 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant DHS denies.

71. Defendant DHS denies the allegations in paragraph 71.

72. Defendant DHS denies the allegations in paragraph 72.

73. The allegations in Paragraph 73 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant DHS denies.

74. The allegations in Paragraph 74 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant DHS denies.

## COUNT II
### Declaratory and Injunctive Relief: Violation of FOIA, 5 U.S.C. § 552
### (State Department)
### (Violation of FOIA, 5 U.S.C. § 552)

75. Defendants restate their responses to the allegations in Paragraphs 1 through 74 above as set forth fully herein.

76. The allegations in Paragraph 76 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

77. The allegations in Paragraph 77 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

78. The allegations in Paragraph 78 consist of legal conclusions, to which no response is required.

79. Defendant State admits the allegations in paragraph 79.

80. The allegations in Paragraph 80 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

81. The allegations in Paragraph 81 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

82. The allegations in Paragraph 82 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

83. The allegations in Paragraph 83 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

84. The allegations in Paragraph 84 consist of legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant State denies.

## REQUEST FOR RELIEF

The remaining paragraphs (A-E) set forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendants allege the following additional defenses to the Amended Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the FOIA.

2. This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

\*   \*   \*

3.     Plaintiff is not entitled to injunctive relief, declaratory relief, mandamus, attorneys' fees, costs of suit, or any damages whatsoever.

Dated: March 24, 2021

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS
D.C. Bar # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ *Diana V. Valdivia*
DIANA V. VALDIVIA
D.C. Bar # 1006628
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
T: (202) 252-2545
diana.valdivia@usdoj.gov

*Counsel for Defendants*